UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| GELON LUVERN BARNES, JR., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-CV-0394-CVE-FHM |
| JUSTIN ALLEN, JARED VANCE, AND DOUG BARHAM, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is defendants' motion to dismiss and brief in support (Dkt. # 8). Plaintiff Gelon Luvern Barnes, Jr. originally filed this action in the District Court of Mayes County, Oklahoma, alleging conversion, unlawful seizure pursuant to 42 U.S.C. § 1983, and retaliation pursuant to § 1983. Dkt. # 2-1. Defendants removed the action to this Court on July 30, 2018. Dkt. # 2. On August 6, 2018, defendants moved to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt. # 8. Plaintiff filed a response (Dkt. # 10) to the motion, and defendants filed a reply (Dkt. # 11).

**I.**

On April 3, 2018, plaintiff and his wife, Jessica Barnes, arrived separately at the residence of a babysitter who was watching their children. Dkt. # 2-1, at 2. At the time, plaintiff and Ms. Barnes were involved in divorce proceedings, and each had a protective order against the other from the District Court of Mayes County. Id. Both plaintiff and Ms. Barnes contacted law enforcement to come to the scene. Id. Law enforcement officials arrived, and plaintiff left thereafter. Id.

On April 5, 2018, plaintiff learned that Pryor Police Department (PPD) Officers Justin Allen and Doug Barham wanted to speak with him. Id. Plaintiff went to the PPD and met with defendants Allen and Barham. Id. at 3. Allen informed plaintiff that he was not under arrest. Id. Plaintiff was asked whether he had ever violated a protective order before and why he was present at the babysitter's residence on April 3, 2018. Id. Plaintiff was then asked to submit to a polygraph examination, at which point plaintiff advised Allen and Barham that he would not answer any more questions without his attorney present. Id. When plaintiff stated that he was leaving to return to work, Allen ordered plaintiff to put his hands behind his back and informed him that he was under arrest. Id. Plaintiff asked what he was being arrested for, and Allen simply stated that he had probable cause. Id. Allen patted plaintiff down, handcuffed him, and read him his Miranda warnings. Id. While patting him down, Allen asked plaintiff where his phone was located. Id. Plaintiff again responded that he was not talking without his attorney present. Id. Allen stated that he was going to search plaintiff's vehicle, to which plaintiff replied "not without a warrant." Id. Allen left while plaintiff was being booked, and returned ten to fifteen minutes later with plaintiff's work cell phone and personal cell phone. Id. The two cell phones had been located inside plaintiff's daughter's zipped backpack, which was inside the vehicle he had driven to the police station. Id. Allen was able to access plaintiff's work cell phone by guessing the password; however, Allen was unable to access plaintiff's personal cell phone. Id. at 4. Plaintiff refused to access his personal cell phone with his password, and Allen threatened to have plaintiff arrested for obstruction. Id. At no point did plaintiff provide defendants access to his personal cell phone. Id. After plaintiff's cell phones had already been taken into possession, defendant Jared Vance, a PPD officer, applied for and obtained search warrants for the two cell phones. Id.

A few days later, on April 9, 2018, plaintiff was charged with a felony based on unrelated events. Specifically, plaintiff was charged with assault with a dangerous weapon in Mayes County Case No. CF-2018-117, for attempting to run over his father-in-law, Terry Taylor, with a truck. Defendants allege that, according to the probable cause affidavit in Case No. CF-2018-117, Mr. Taylor had received a text message that said, "Keep you're [sic] eyes open, stay focus [sic]," shortly after plaintiff attempted to strike him with the truck, and that plaintiff was likely using a cell phone application to send text messages that show up as anonymous unknown numbers. Dkt. # 11, at 5 n.3.

On April 16, 2018, plaintiff was charged with violation of a protective order in Mayes County Case No. CM-2018-170, in connection with the events that took place at the babysitter's residence on April 3, 2018. Dkt. # 10-2.

On June 13, 2018, plaintiff filed a motion to quash arrest and suppress statements and other evidence in Case No. CF-2018-117 (assault with a dangerous weapon).

On July 9, 2018, plaintiff filed a petition against defendants in the District Court of Mayes County based on the events that took place at the police station on April 5, 2018–specifically, the search and seizure of plaintiff's property, as well as his arrest. See generally id. Defendants removed the action to this Court on July 30, 2018 (Dkt. # 2), and then filed the motion to dismiss (Dkt. # 8) on August 6, 2018.

On September 26, 2018, Case No. CM-2018-170 (charging plaintiff with violation of protective order) was voluntarily dismissed. Dkt. # 12. Therefore, the state court action charging plaintiff with assault with a dangerous weapon (Case No. CF-2018-117) is the only case still pending in state court at this time.

**II.**

Defendants assert that the Court lacks subject-matter jurisdiction to hear the case pursuant to the Younger abstention doctrine.[1] The Younger doctrine requires a federal court to abstain from exercising jurisdiction over a case where "(1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003). The Court turns to whether Younger abstention is applicable in the present case.

The first factor for Younger abstention requires an ongoing state judicial proceeding. As noted, Case No. CF-2018-117, in which plaintiff is charged with assault with a dangerous weapon for allegedly attempting to run over his father-in-law with a truck, is still pending in state court.[2] Therefore, there is an ongoing state judicial proceeding.[3] However, the first factor of the Younger

---

[1] In response, plaintiff argues that defendants waived any jurisdictional argument by removing the case. The Court rejects this argument, because "Younger abstention is jurisdictional." D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004). In order words, if abstention is required under Younger, the Court lacks jurisdiction to reach the merits of plaintiff's claims. Id. at 1228-29. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." U.S. v. Cotton, 535 U.S. 625, 630 (2002).

[2] Because the state court action involving the violation of the protective order is no longer pending in state court, this Court finds that it is not an ongoing state proceeding and, thus, cannot act as a basis for Younger abstention.

[3] The Court takes judicial notice of the state court's docket in Mayes County Case No. CF-2018-117, which indicates that the jury trial is set for March 5, 2019.

4

doctrine also requires that the federal relief sought, if granted, will interfere with that state proceeding. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) ("*Younger v. Harris* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."); J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291-92 (10th Cir. 1999) (holding that the first factor was satisfied because the proceedings were ongoing and because the "federal action would interfere with this proceeding"). If the federal relief would not interfere with the state proceedings, then the federal court has no basis for abstaining under Younger. Middlesex, 457 U.S. at 431. Here, plaintiff seeks monetary relief only. The Supreme Court has not addressed whether the Younger doctrine applies to federal claims for monetary relief only; however, the Tenth Circuit has held that "the Younger doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." D.L., 392 F.3d at 1228.[4] Accordingly, this Court must determine whether monetary relief in the present case would have a preclusive effect on the pending state-court proceeding.

The federal action arose from defendants' warrantless search and seizure of plaintiff's vehicle and two cell phones, which occurred when plaintiff went to the police station to speak to defendants about the alleged violation of a protective order. If the Court were to award money damages in this case, the Court would be required to find that defendants conducted an unlawful search and seizure of plaintiff's vehicle and cell phones in violation of the Fourth Amendment. The ongoing state court

---

[4] As discussed in more detail below, the Tenth Circuit also held that "[t]he rationale for Younger abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final." D.L., 392 F.3d at 1228. Therefore, if this Court were to find the Younger doctrine applicable, the proper course would be to stay the case rather than dismiss it.

action arose from an alleged attempt by plaintiff to run over his father-in-law with a truck. In that state court action, plaintiff filed a motion to quash arrest and suppress statements and other evidence. Dkt. # 10-5. Plaintiff does not identify the specific evidence he seeks to suppress, but his motion does include any statements, admissions, or confessions obtained by the government as the result of the searching and seizing of any property. Id. at 1.

Defendants argue that the evidence recovered through the subsequent search of plaintiff's cell phones could be presented against plaintiff in the state court jury trial. Further, defendants explain that one of the allegations in the state court proceeding is that, after Mr. Taylor dove out of the way of plaintiff's truck, he received a text message that said "Keep you're [sic] eyes open, stay focus [sic]," and that plaintiff was likely using a "spoof app" to send text messages that show up as anonymous unknown numbers. Dkt. # 11, at 5 n.3. Therefore, to the extent the government has obtained evidence from the seized cell phones relevant to the charge for assault by a dangerous weapon, plaintiff's motion applies to such evidence. Accordingly, a finding by this Court that plaintiff is entitled to money damages as a result of an unlawful search and seizure would have a preclusive effect in the state court proceeding: the evidence retrieved from the cell phone would be precluded from use at trial, and the state court would be precluded from denying the motion to suppress evidence that was obtained from the cell phones. Therefore, the Court finds that the first prong of the Younger abstention doctrine is satisfied.

The second prong of the Younger doctrine is easily met, because there is no question that the state of Oklahoma has an important interest in its criminal proceedings and in enforcing its criminal laws. Similarly, the third prong of Younger doctrine is easily met. In Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1979), the Supreme Court made clear that the burden is upon the plaintiff to demonstrate

an inability to litigate the federal claim in the state court proceeding. Id. at 14. Plaintiff has failed to show that he does not have an adequate opportunity in state court to litigate federal constitutional issues; indeed, he has already raised the issue in the state court proceeding by filing his motion to suppress all evidence obtained by the government as the result of the searching and seizing of any property. Further, the fact that monetary relief is not available in the pending state court proceeding does not mean that there is a lack of a full and fair opportunity to litigate the federal claim in the pending state court proceeding. See, e.g., Joseph A. v. Ingram, 275 F.3d 1253 (10th Cir. 2001) (holding that the fact that class relief is not available in state court did not justify rejection of Younger abstention); see also 31 Foster Children v. Bush, 329 F.3d 1255 (11th Cir. 2003) (holding that the fact that state court could not grant broad structural relief sought in federal court did not make state court remedy inadequate); Kirschner v. Klemons, 225 F.3d 227 (2d Cir. 2000) (holding that the inability to recover attorney's fees in state court did not render Younger inapplicable).[5] Accordingly, the Court finds that the second and third prongs of the Younger doctrine are satisfied.

Having determined that the three prongs of the Younger doctrine are satisfied, the Court finds that the Younger abstention doctrine applies to the present case. On that basis, defendants ask the Court to dismiss the action. However, in D.L., the Tenth Circuit explained that, in the context of federal claims for monetary damages only, "[t]he rationale for Younger abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final." D.L., 392 F.3d at 1228. Accordingly, the Court finds that defendant's motion to dismiss should be

---

[5]  In any case, because the proper course is to stay rather than dismiss the case, once the state court proceeding is completed, plaintiff could still recover monetary damages in the federal action.

denied. However, the Court also finds that this action should be stayed until the state court proceeding is final.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. # 8) is **denied**.

**IT IS FURTHER ORDERED** that all proceedings are **stayed** until the state court proceeding in Mayes County Case No. CF-2018-117 is terminated.

**IT IS FURTHER ORDERED** that the Court Clerk shall administratively close this case until counsel for plaintiff moves to reopen and lift the stay within thirty (30) days of termination of the state court proceeding, or counsel for defendant moves to terminate within the same time period.

**DATED** this 15th day of February, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE